UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| David Stebbins )<br>    Plaintiff/Appellant )<br> )<br>v. )<br> )<br>Google, LLC and Rumble, Inc. )<br> ) | Case No. 25-2007 |

### RESPONSE TO NOTICE OF JURISDICTIONAL DEFECT

    Comes now, pro se Appellant David Stebbins, who hereby submits the following Response to Notice of Jurisdictional Defect in the above-styled action.

1. This Court correctly acknowledges that dismissals without prejudice are not ordinarily appealable. However, as its own cited precedent states, "inevitable exceptions exist." See Borelli, supra at 951.

2. There is a significant abuse of discretion in this case that compels this Court to intervene immediately: The District Court gave no explanation, whatsoever, for its decision. She literally just denied it without prejudice, period. No findings of fact, no conclusions of law, no logic whatsoever.

3. This constitutes an automatic abuse of discretion, per se, to the exclusion of all other factors. See...

    (a) US v. Burrell, 622 F. 3d 961, 964 (2010) (citing Kern v. TXO[1]) ("We have held that a district court need not give 'lengthy explanations' ... but this does not permit a district court to give no explanation for its decision").

    (b) Foman v. Davis, 371 US 178, 182 (1962) ("Of course, the grant or denial ... is within the discretion of the District Court, but outright refusal ... without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion

---

1 The fact that this SCOTUS case cites the aforementioned 8th Circuit case of Kern v. TXO, while normally a trivial detail, is important here. US v. Burrell was a criminal case, which is normally a completely inapposite precedent in civil cases, except in a handful of specific cases (such as false arrest) where they inevitably *must* overlap. However, because this criminal case cited a civil case to support its precedent, it helps demonstrate that this requirement for a trial court to explain its rulings isn't limited just to criminal sentencing, but is a general law that encompasses all cases, all aspects of the law, and all stages of litigation, whatsoever.

and inconsistent with the spirit of the Federal Rules").

(c)     Willemijn Houdstermaatschappij v. Standard Micro., 103 F. 3d 9, 12 (2nd Cir. 1997) (citing O.R. Securities v. Professional Planning Assoc., 857 F.2d 742 (11th Cir.1988)) ("When the [tribunals] do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law").

(d)     Purcell v. Gonzalez, 549 US 1, 8 (2006) (reversing the preliminary injunction from the Court of Appeals primarily because "There has been no explanation given by the Court of Appeals showing the ruling and findings of the District Court to be incorrect").

4.     Neither Borelli v. City of Reading, 532 F. 2d 950 (3d Cir. 1976) nor Redmond v. Gill, 352 F.3d 801 (3d Cir. 2003) – which this Court cites as controlling – had this dilemma. In Borelli, the district court found that the plaintiff lacked standing and that the plaintiff never even argued against the defendant's claim of lack of standing. See id at 951. In Redmond, the case was dismissed "because of Redmond's failure to supply the appropriate authorization papers within the twenty-day period provided in the Court's December 30, 2002 order." See id at 803.

5.     In its notice of jurisdictional defect, the Court explained that a dismissal or denial without prejudice "is not final or appealable when there is an opportunity to cure the defect in the filing." See Doc 4-1, Page 1. But here, there *is no deficiency*. There is nothing to cure. The petition was simply denied *just cuz*. In Borelli, the Court noted that "the plaintiff took no action in response to the district court's order other than to file a notice of appeal" (id at 952), but here, there is nothing else I *can* do.

6.     It is fundamentally unfair to me to expect me to, essentially, read the district court's mind and figure out for myself what she wants me to do when I re-file the petition in order to keep this from happening again.

7.     If this court does not nip this in the bud right here right now, it would open the floodgates to an essentially uncheckable abuse of district court power. If a district court does not personally like a particular cause of action and/or personally does not like the plaintiff, but cannot think of a legally valid reason why the plaintiff should be denied relief, he doesn't need to give one. He can just dismiss the motion "without prejudice," not give any reason at all, and simply by dint of the

inclusion of those two magic words, I can't appeal the ruling. Sure, I can re-file, but even if I do, what's to stop the district court from simply doing the same thing (dismissal without prejudice for absolutely no reason whatsoever) all over again, and because it's without prejudice again, that means I can't appeal that either. And then the district court would just do it again. And again. And again. Until I give up.

8. Courts are honor-bound to avoid rigid interpretations of the law when doing so would result in manifestly absurd consequences. See John F Manning, 'The absurdity doctrine' (2003) 116 Harv L Rev 2387, 2390. The aforementioned scenario, if allowed, would run afoul of one of the judiciary's most sacred and bedrock principles: "Ubi jus ibi remedium," or "for every wrong, the law provides a remedy." For hundreds of years, courts from the USA and the UK have dedicated their lives to creating remedies where the law doesn't already provide one, just so injured men can have some semblance of justice. The 1703 English case of Ashby v White (1703) 92 ER 126 (which predates the USA's secession from the British Empire and thus is incorporated into our several states' common laws) is often touted as the greatest and most succinct expression of this maxim. Said Chief Justice Sir John Holt: "It is a vain thing to imagine, there should be right without a remedy; for want of right and want of remedy are convertibles: if a statute gives a right, the common law will give remedy to maintain it; and where-ever there is injury, it imports a damage." See id at 126.

9. Allowing me to appeal this order – even though it is technically without prejudice – is the only way to avoid this manifest absurdity.

10. Therefore, in addition to dissolving this notice, I respectfully ask the Court to go ahead and reverse the judgment without me needing to file a brief. A motion for summary reversal will be forthcoming to compliment this response.

So submitted on this, the 2nd day of June, 2025.

*/s/ David Stebbins*
David Stebbins (pro se)
123 W. Ridge Ave., APT D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com
