# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

**Case Number:** 25-2007

**Case Name:** Stebbins v. Google LLC

## INFORMAL BRIEF

**DIRECTIONS:** *Answer the following questions about your appeal or petition for review to the best of your ability. Use additional sheets of paper if necessary. The total number of pages cannot exceed 30. Parties are encouraged to use one side of the paper for ease of reading. You need not limit your brief solely to this form, but you should be certain that any brief you file contains answers to the questions below. The Court prefers short and direct statements.*

**1. Jurisdiction:** What order(s) of the district court or agency are you appealing?

U.S. District Court for the District of Deleware

What is the date of the order(s)?

May 13, 2025

When did you file your notice of appeal or petition for review?

May 25, 2025

**2. Statement of the case:** Explain the proceedings in the district court or before the agency (i.e. what the district court or the agency did in deciding your case).

I filed a miscellaneous case in the District Court pursuant to 17 USC § 512(h), asking for the District Court to issue subpoenas to respondents Google LLC and Rumble Inc to disclose the legal names and addresses of some people so I could sue them for copyright infringement.

On May 13, 2025, the District Court entered an order denying the petition, but providing absolutely no factual findings or legal conclusions at all, or any reason whatsoever for the denial.

This timely appeal ensued.

3. **Statement of facts**: Explain the facts and events that led to the complaint in the district court or the action before the agency.

I filed a miscellaneous case in the District Court pursuant to 17 USC § 512(h), asking for the District Court to issue subpoenas to respondents Google LLC and Rumble Inc to disclose the legal names and addresses of some people so I could sue them for copyright infringement. Some were claiming the defense of fair use, others insisted that they were co-authors and thus allowed to repost the videos. But they all admitted to prima facie copyright infringement.

On May 13, 2025, the District Court entered an order denying the petition, but providing absolutely no factual findings or legal conclusions at all, or any reason whatsoever for the denial.

This timely appeal ensued.

**4. Statement of related cases:** Have you filed an appeal or petition for review in this case before? If so, give title of case and docket number.

Petition for Writ of Mandamus, Case No. 25-1672

Do you have any cases related to this case pending in the district court, in the court of appeals or before the agency? If so give title of case and docket number.

Case No. 25-2008 in the 3rd Circuit Court of Appeals

**5.** Did the district court or the agency incorrectly decide the facts of your case? __yes__ If so, what facts?

She never decided ANY facts. No explanation at all was given for her decision.

This constitutes an abuse of discretion, per se. See US v. Burrell, 622 F. 3d 961, 964 (2010) (citing Kern v. TXO Production Corp., 738 F. 2d 968 (8th Cir. 1984)*) ("We have held that a district court need not give 'lengthy explanations' ... but this does not permit a district court to give no explanation for its decision"). See also Foman v. Davis, 371 US 178, 182 (1962) ("Of course, the grant or denial ... is within the discretion of the District Court, but outright refusal ... without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules"). See also Willemijn Houdstermaatschappij v. Standard Micro., 103 F. 3d 9, 12 (2nd Cir. 1997) (citing O.R. Securities v. Professional Planning Assoc., 857 F.2d 742 (11th Cir.1988)) ("When the [tribunals] do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law"). See also Purcell v. Gonzalez, 549 US 1, 8 (2006) (reversing the preliminary injunction from the Court of Appeals primarily because "There has been no explanation given by the Court of Appeals showing the ruling and findings of the District Court to be incorrect").

*The fact that this SCOTUS case cites the aforementioned 8th Circuit case of Kern v. TXO, while normally a trivial detail, is important here. US v. Burrell was a criminal case, which is normally a completely inapposite precedent in civil cases, except in a handful of specific cases (such as false arrest) where they inevitably must overlap. However, because this criminal case cited a civil case to support its precedent, it helps demonstrate that this requirement for a trial court to explain its rulings isn't limited just to criminal sentencing, but is a general law that encompasses all cases, all aspects of the law, and all stages of litigation, whatsoever.

6.  Did the district court or the agency apply the wrong law (either cases or statutes)? <u>yes </u>
    If so, what law do you want applied?

She never made ANY legal determinations. No explanation at all was given for her decision.

This constitutes an abuse of discretion, per se. See US v. Burrell, 622 F. 3d 961, 964 (2010) (citing Kern v. TXO Production Corp., 738 F. 2d 968 (8th Cir. 1984)*) ("We have held that a district court need not give 'lengthy explanations' ... but this does not permit a district court to give no explanation for its decision").  See also Foman v. Davis, 371 US 178, 182 (1962) ("Of course, the grant or denial ... is within the discretion of the District Court, but outright refusal ... without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules"). See also Willemijn Houdstermaatschappij v. Standard Micro., 103 F. 3d 9, 12 (2nd Cir. 1997) (citing O.R. Securities v. Professional Planning Assoc., 857 F.2d 742 (11th Cir.1988)) ("When the [tribunals] do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law"). See also Purcell v. Gonzalez, 549 US 1, 8 (2006) (reversing the preliminary injunction from the Court of Appeals primarily because "There has been no explanation given by the Court of Appeals showing the ruling and findings of the District Court to be incorrect").

*The fact that this SCOTUS case cites the aforementioned 8th Circuit case of Kern v. TXO, while normally a trivial detail, is important here. US v. Burrell was a criminal case, which is normally a completely inapposite precedent in civil cases, except in a handful of specific cases (such as false arrest) where they inevitably must overlap. However, because this criminal case cited a civil case to support its precedent, it helps demonstrate that this requirement for a trial court to explain its rulings isn't limited just to criminal sentencing, but is a general law that encompasses all cases, all aspects of the law, and all stages of litigation, whatsoever.

**7.** Are there any other reasons why the district court's judgment or the agency's decision was wrong? _yes_

If so, briefly state these reasons.

See the attached Supplemental Arguments, which address the three things I was ordered to address in Doc. 6.

**8.** What action do you want the Court of Appeals to take in this case?

Reverse the decision of the District Court, order the two related case brought back to the District of Deleware, and order that the cases be allowed to move forward.

_____
Signature

**The entire district court record is available for the court's review. You must attach copies of the district court docket entries, the opinion and order appealed, and the notice of appeal. You may, but are not required to, attach any documents filed in the district court that you think the court of appeals must see in order to decide your appeal. Documents not admitted in the district court may not be submitted to the court of appeals without permission of the court.**

**IMPORTANT: IF YOU ARE PROCEEDING PROCEEDING IN FORMA PAUPERIS, YOU MUST FILE AN ORIGINAL AND THREE (3) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. IF YOU HAVE PAID THE DOCKETING FEE, YOU MUST FILE AN ORIGINAL AND SIX (6) COPIES OF THIS BRIEF AND ANY ATTACHMENTS WITH THE CLERK. A COPY OF THIS BRIEF AND ANY ATTACHMENTS MUST ALSO BE SENT TO ALL OPPOSING PARTIES. YOU MUST CERTIFY ON THE ATTACHED PROOF OF SERVICE THAT A COPY OF THIS BRIEF AND ANY ATTACHMENTS WERE SENT TO ALL OPPOSING PARTIES.**

# PROOF OF SERVICE

I certify that on  n/a  (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

Not applicable. The respondents were never served with process in this case, so I am the only party that is currently before the court. There's no process to serve.

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on  n/a  (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_[signature]_
Signature

Dated: 07/03/2025

*Rev. 06/2018*