**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2007
_____

DAVID STEBBINS,
                Appellant

v.

GOOGLE LLC; RUMBLE, INC.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Miscellaneous Action No. 1:24-mc-00478)
District Judge: Honorable Maryellen Noreika
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 14, 2025

Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: October 15, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant David Stebbins appeals the District Court's order denying his motion requesting subpoenas. We will vacate the District Court's judgment and remand for further proceedings.

David Stebbins, a YouTube and Twitch streamer, initiated the miscellaneous matter at issue here to identify online users that have allegedly infringed on his copyrights. He filed a motion under 17 U.S.C. § 512(h), requesting to subpoena Google, LLC, and Rumble, Inc., for the identities behind three social media accounts. He also moved for expedited consideration and requested service by the U.S. Marshal. The respondents did not appear or object to the subpoena requests.

The District Court, noting that this matter was related to two separate copyright infringement cases that it had transferred to the Western District of Arkansas, denied the subpoena motion without prejudice, and denied as moot Stebbins's motions for expedited consideration and service. Stebbins appealed.

We have jurisdiction under 28 U.S.C. § 1291. See Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019); In re Bestwall LLC, 47 F.4th 233, 241–42 (3d Cir. 2022). Generally, a district court's discovery rulings are reviewed for abuse of discretion. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).

Under the Digital Millennium Copyright Act, a copyright owner may request a district court clerk "to issue a subpoena to a service provider for identification of an alleged infringer." 17 U.S.C. § 512(h)(1). The clerk "shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider" if the copyright owner provides three items: (1) a notification to the service provider

about the copyright infringement in compliance with § 512(c)(3)(A); (2) a proposed subpoena in proper form; and (3) a properly executed sworn declaration. Id. § 512(h)(4); see also id. § 512(h)(2), (3).

The District Court did not articulate any basis for denying the motion requesting subpoenas, and reviewing the record, we cannot determine why the District Court denied the motion. Although district courts have broad discretion over discovery matters, the District Court's unexplained decision prevents us from performing meaningful appellate review. Consequently, we will remand this matter for the District Court to reconsider its decision, and to provide sufficient reasoning to facilitate meaningful appellate review.

We will therefore vacate the District Court's judgment and remand for further proceedings.[1]

---

[1] Stebbins's motion to strike Google's response brief and request for sanctions are denied. But we acknowledge that the response brief addressed no relevant issue, including any of the issues that the Clerk directed the parties to address in the order of June 27, 2025, and was unhelpful in resolving the appeal.